UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE A. WATSON

    Plaintiff,                                  CIVIL ACTION NO. 05-CV-70373-DT

  v.                                       DISTRICT JUDGE JULIAN ABELE COOK
                                            MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Defendant's Motion to Remand this Social Security Disability case to the Commissioner for further administrative proceedings should be GRANTED, pursuant to sentence six of 42 U.S.C. § 405(g), since the original claim file has been lost necessitating another de novo hearing.

                *  *  *

Plaintiff commenced the instant action on July 1, 2005, 2003, seeking judicial review of the denial of his disability claim by the Social Security Administration (SSA). On August 24, 2005, the Defendant filed a Motion to Remand for further administrative proceedings, pursuant to sentence six of the Social Security Act.[1]  The purpose of the

---

[1] **Sentence six of 42 U.S.C. 405(g) states:**

> **The court may, on motion of the Commissioner of Social Security, made for good cause shown before the Commissioner files an answer, remand to the Commissioner of Social Security for further action by the Commissioner of**

requested remand is to allow the Administrative Law Judge to hold another de novo hearing because the SSA has been unable to locate the claim file, which contained the Law Judge's May 26, 2004, decision.  Plaintiff has not filed any objection to the remand request to date.  Accordingly, the undersigned recommends that the instant action be remanded to the Commissioner, pursuant to sentence six of the Social Security Act, for further administrative action in order to ascertain whether Plaintiff was entitled to Social Security disability benefits.

Either party to this action may object to and seek review of this Report and Recommendation, but must act within ten days of service of a copy hereof as provided for in 28 U.S.C. section 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objection must be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limits are extended by the Court.

---

**Social Security... .**

2

The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                          s/Donald A. Scheer
                                          DONALD A. SCHEER
                                          UNITED STATES MAGISTRATE JUDGE

Dated: September 28, 2005

_____

### CERTIFICATE OF SERVICE

     I hereby certify on September 28, 2005 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on September 28, 2005. **None.**

                                          s/Michael E. Lang
                                          Deputy Clerk to
                                          Magistrate Judge Donald A. Scheer
                                          (313) 234-5217